# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS CHAN LAI,<br><br>       Petitioner,<br><br>v.<br><br>PAUL COPENHAVER,<br><br>       Respondent. | Case No.  1:14-cv-01775-LJO-GSA-HC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner is presently incarcerated at the United States Penitentiary Atwater, in Atwater, California.  Petitioner was convicted in the Northern District of California on thirty-eight (38) counts, including running a continuing criminal enterprise.  Petitioner was sentenced to life imprisonment, followed consecutively by a 20–year sentence and a 10–year sentence, along with several sentences to be served concurrently.  The Northern District did not specify whether Petitioner's life sentence was with or without parole.

On November 10, 2014, Petitioner filed the instant federal habeas petition.  (ECF No. 1). On June 25, 2015, Respondent filed a motion to dismiss for lack of jurisdiction, because Section 2241 is not the proper vehicle for Petitioner's claims.  (ECF No. 22).  Petitioner filed an opposition to the motion to dismiss.  (ECF No. 23).

**I.**

**DISCUSSION**

A federal court may not entertain an action over which it has no jurisdiction.  Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000).  A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988); Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006), *cert. denied*, 549 U.S. 1313 (2007).  In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163.  In general, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir. 1991); Tripati, 843 F.2d at 1162.  "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens, 464 F.3d at 897 (citations omitted).  Therefore, the proper vehicle for challenging a conviction is a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255.  In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody.  See Stephens, 464 F.3d at 897; Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000) (per curiam); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

Although the Court had noted that it appeared that Petitioner alleged that his sentence was a challenge to the execution of his sentence, upon further review, it is clear that Petitioner's claims actually challenge the sentence.  Petitioner argues that the sentencing guidelines were misapplied and that new guidelines apply to his case, but these are challenges to the actual sentence, not the execution of the sentence.  Petitioner also asserts a claim concerning the IRS' illegal handling of his tax filings, which is not cognizable on federal habeas.

In this case, Petitioner is challenging the validity and constitutionality of his federal

1    sentence imposed by a federal court, not an error in the administration of his sentence. Therefore,

2    the appropriate procedure would be to file a motion pursuant to § 2255 in the sentencing court,

3    not a habeas petition pursuant to § 2241 in this Court.

4          Nevertheless, a "savings clause" exists in § 2255(e) by which a federal prisoner may seek

5    relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or

6    ineffective to test the validity of his detention."  United States v. Pirro, 104 F.3d 297, 299 (9th

7    Cir. 1997) (quoting § 2255); see Hernandez, 204 F.3d at 864-65.  The Ninth Circuit has

8    recognized that it is a very narrow exception.  See Ivy v. Pontesso, 328 F.3d 1057, 59 (9th Cir.)

9    (as amended), cert. denied, 540 U.S. 1051 (2003).  The burden is on the petitioner to show that

10   the remedy is inadequate or ineffective.  Redfield v. United States, 315 F.2d 76, 83 (9th Cir.

11   1963).

12         Here, Petitioner has not shown that a Section 2255 remedy is inadequate or ineffective.

13   Petitioner has had multiple opportunities to present his claims, and in fact, he has presented his

14   claims in prior proceedings before the Court.[1]  Although Petitioner has not been able to file

15   successive Section 2255 motions, that does not mean that Section 2255 is inadequate or

16   ineffective.  See Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999).  The remedy under § 2255

17   usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was

18   denied, or because a remedy under that section is procedurally barred.  See Aronson v. May, 85

19   S.Ct. 3, 5 (1964) (finding that a prior § 2255 motion is insufficient to render § 2255 inadequate);

20   Tripati, 843 F.2d at 1162-63 (holding that a petitioner's fears of bias or unequal treatment do not

21   render a § 2255 petition inadequate).  Therefore, Petitioner has not shown that Section 2255 is

22   inadequate or ineffective for his claims.

23         Furthermore, Petitioner has not demonstrated that his claims qualify under the savings

24   clause because Petitioner's claims are not proper claims of "actual innocence.  The standards

---

25   [1] Petitioner's claim that his sentence is illegal under Fiore v. White, 531 U.S. 225 (2001), was raised in his April
26   2007 motion to vacate his sentence.  The Court found that it was a 2255 claim that he had not sought authorization
     from the Ninth Circuit for, and when he subsequently did, the Ninth Circuit denied that request.  See U.S. v. Lai,
27   404 Fed. Appx. 181, 182, 2010 WL 4721142 (9th Cir. 2010).  In Petitioner's 1997 motion to correct his sentence
     under Rule 35, he argued that the 1984 Amendments applied to his sentence and the continuing criminal enterprise
28   statute.  The Northern District held that, "Lai's sentence is unambiguous.  He is not eligible for parole for the life
     term imposed on him for violations of Section 848."  See Lai v. Rios, 2012 WL 4092411 at *3 (E.D. Cal. 2012).

1   announced by the various circuit courts for an "actual innocence" claim contain two basic

2   features: actual innocence and retroactivity.  E.g., Reyes–Requena v. United States, 243 F.3d

3   893, 903 (5th Cir. 2001); In re Jones, 226 F.3d 328 (4th Cir. 2000); In re Davenport, 147 F.3d

4   605 (7th Cir. 1998); In re Hanserd, 123 F.3d 922 (6th Cir. 1997); In re Dorsainvil, 119 F.3d 245

5   (3d Cir. 1997).  The Ninth Circuit has acknowledged that petitioners may proceed under Section

6   2241 pursuant to the "savings clause," when the petitioner claims to be: "(1) factually innocent

7   of the crime for which he has been convicted; and, (2) has never had an 'unobstructed procedural

8   shot' at presenting this claim."  Ivy, 328 F.3d at 1059-60 (citing Lorentsen v. Hood, 223 F.3d

9   950, 954 (9th Cir.2000)); see also Stephens, 464 F.3d at 898.  In explaining that standard, the

10  Ninth Circuit stated:

11          In other words, it is not enough that the petitioner is presently
            barred from raising his claim of innocence by motion under §
12          2255. He must never have had the opportunity to raise it by
            motion.
13

14  Ivy, 328 F.3d at 1060.

15      In the Ninth Circuit, a claim of actual innocence for purposes of the Section 2255

16  "savings clause" is tested by the standard articulated by the United States Supreme Court in

17  Bousley v. United States, 523 U.S. 614 (1998).  In Bousley, the Supreme Court explained that,

18  "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is

19  more likely than not that no reasonable juror would have convicted him."  Bousley, 523 U.S. at

20  623 (internal quotation marks omitted).  Furthermore, "actual innocence means factual

21  innocence, not mere legal insufficiency."  Id.

22      Petitioner has failed to demonstrate that his claims qualify under the "savings clause" of

23  Section 2255 because Petitioner's claims present purely legal arguments that do not suffice to

24  show Petitioner's actual innocence.  Petitioner has not set forth specific facts that, when the court

25  considers in light of all of the evidence, make a convincing case that Petitioner did not commit

26  the offenses that he was convicted of.  Thus, as Petitioner has not satisfied the savings clause, he

27  may not proceed under Section 2241.  Motions pursuant to § 2255 must be heard in the

28  sentencing court.  28 U.S.C. § 2255(a); Hernandez, 204 F.3d at 864-65.  This Court lacks

jurisdiction over the petition because this Court is only the custodial court and construes the petition as a §2255 motion.  See Hernandez, 204 F.3d at 864-65.  Accordingly, the Court does not have jurisdiction, and the petition must be dismissed.

## II.

## RECOMMENDATIONS

Accordingly, IT IS HEREBY RECOMMENDED that Respondent's motion to dismiss be GRANTED and Petitioner's petition for writ of habeas corpus be DISMISSED as the petition does not allege cognizable grounds for relief in a petition filed pursuant to 28 U.S.C. § 2241. This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within fourteen (14) days after service of the objections.  The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 27, 2015**           **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE